**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 27, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: January 27, 2009**



_____
Arthur I. Harris
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 05-96622 |
| | ) | |
| Kimzetta R. Lindsey, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |
| Virgil E. Brown, Jr., | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 07-1332 |
| | ) | |
| Kimzetta R. Lindsey, | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION[1]

On August 7, 2007, the Chapter 7 trustee initiated this adversary proceeding alleging that the debtor had failed to turnover property of the estate and seeking revocation of the debtor's discharge under 11 U.S.C. § 727(a)(6). This matter is

---

[1] This opinion is not intended for official publication.

currently before the Court on the trustee's motion for summary judgment. For the following reasons the trustee's motion is denied.

## JURISDICTION

The Court has jurisdiction over this action. A claim for revocation of discharge pursuant to 11 U.S.C. § 727(a)(6) is a core proceeding under 28 U.S.C. §§ 157 (b)(2)(J) and 1334, which falls within the jurisdiction granted to the court pursuant to Local General Order Number 84, dated July 16, 1984.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed, unless specifically noted otherwise. On October 16, 2005, the debtor-defendant, Kimzetta Lindsey, filed a Chapter 7 bankruptcy petition. The Court granted Ms. Lindsey a discharge on March 23, 2006 (Docket # 12). Shortly thereafter the IRS sent Ms. Lindsey her 2005 tax refund. The plaintiff-trustee subsequently filed a motion to compel the debtor to turn over $3,105.27, which represented the prepetition portion of her 2005 tax refund (Docket # 18). On October 4, 2006, the debtor and the trustee entered into an agreed order ("Agreed Order") under which the debtor was to pay the trustee $258.77 per month (Docket # 21). According to Ms. Lindsey, the IRS informed her that the 2005 tax refund had been sent to her in error, and demanded repayment.

2

The trustee filed this adversary proceeding on August 7, 2007, claiming that Ms. Lindsey had failed to make the stipulated payments in the Agreed Order and sought to have the debtor's discharge revoked under § 727(a)(6)(A). The trustee subsequently filed this motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty*

3

*Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will review the evidence in a light most favorable to the nonmoving party. *See Tennessee Department of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

"Revocation of a debtor's discharge is an extraordinary remedy." *Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 433 (4th Cir. 2008). The trustee seeks to have the Court revoke the debtor's discharge under § 727(a)(6), which states in relevant part that:

> (a) The court shall grant the debtor a discharge, unless –
>   (6) the debtor has refused, in the case –
>     (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify

Courts are split regarding what level of intent must be demonstrated under § 727(a)(6). *See In re Gentry*, 275 B.R. 747, 754 (Bankr. W.D. Va. 2001). Some courts have found that the word "refused" means that there must be a showing that the debtor willfully and intentionally refused to obey the Court's order. *See Jordan*, 521 F.3d at 434; *Concannon v. Constantini (In re Constantini)*,

4

201 B.R. 312, 316 (Bankr. M.D. Fla. 1996); and *Wilmington Trust Co. v. Jarrell (In re Jarrell)*, 129 B.R. 29, 33 (Bankr. D. Del. 1991). Other courts have found that § 727(a)(6) is similar to a charge of civil contempt, thus negating the intent requirement. *See Hazlett v. Gorshe (In re Gorshe)*, 269 B.R. 744, 746 (Bankr. S.D. Ohio 2001); and *Hunter v. Watson (In re Watson)*, 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

After reviewing both views, the Court agrees with those courts that have found § 727(a)(6) to be similar to a charge of civil contempt. As other courts have noted, if Congress had intended to include a willfulness or intentional standard in § 727(a)(6) Congress could have done so, as it did in § 727(a)(2). *See Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999).

The Sixth Circuit has held that in order for a party to be held liable for civil contempt the moving party must establish that: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Watson*, 247 B.R. at 436 (*citing Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

If the moving party can show each of these elements "the debtor has an obligation to explain [her] non-compliance." *Jordan*, 521 F.3d at 434 *(quoting*

*Missouri ex rel. Nixon v. Foster (In re Foster)*, 335 B.R. 716 (Bankr. W.D. Mo. 2006)). Impossibility or inability to comply with the order are valid defenses to an action to revoke a discharge under § 727(a)(6)(A). *See Magack*, 247 B.R. at 410. Mere assertions by the debtor are not sufficient, the debtor must provide supporting evidence to explain her noncompliance. *See Magack*, 247 B.R. at 410 *(citing Harrison v. Metropolitan Gov't of Nasvilee & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1998)).

Here, the trustee contends that the debtor violated the Agreed Order under which the debtor was to pay the trustee $258.77 per month. Ms. Lindsey admits that she did not make the agreed payments, and offers two rationales for why she did not comply with the order. First, she asserts that the IRS garnished her wages and applied her 2007 tax overpayment in order to recoup the 2005 tax refund, and consequently, it would be inequitable to force her to also pay the trustee. Second, Ms. Lindsey states that as a result of the wage garnishment she was no longer able to make payments to the trustee.

## A. Debtor's Equity Argument

The IRS sent Ms. Lindsey her 2005 tax refund of $4,782.00, which according to her, the IRS quickly realized she was not entitled to and demanded that she return. Upon learning of the tax refund, the trustee demanded that the

6

debtor turn over $3,105.27, which represented the share of the refund that was prepetition. Ms Lindsey had already spent the money, so in order to repay the trustee she entered into the Agreed Order. Ms. Lindsey claims that the IRS recouped the 2005 tax refund by garnishing her wages and applying her 2007 tax overpayment. As proof, the debtor submitted a copy of the IRS transcript for her 2005 income taxes. Ms. Lindsey argues that since she has already repaid the 2005 refund to the IRS it would be inequitable to also pay the trustee.

If the debtor is correct, then the erroneous 2005 tax refund was not property of the bankruptcy estate. Rather, it was a postpetition payment mistakenly paid to the debtor, which the IRS later recovered by applying the debtor's overpayment for the 2007 tax year. 11 U.S.C. § 541 casts a broad net; however, it does not extend to property which does not belong to the debtor. If the debtor was not entitled to a tax refund, then the trustee was not entitled to the prepetition share of the same tax refund. If this is true, then the Agreed Order between the parties was faulty, since it was premised on the mistaken belief that the debtor was entitled to the tax refund.

Construing the facts in a light most favorable to the nonmoving party the Court cannot say that there is not a genuine issue of material fact. If the debtor is correct, then the Agreed Order is faulty, since the tax refund never belonged to the

7

debtor. Under these circumstances, it may be appropriate for the debtor to seek relief from the Agreed Order pursuant to Bankruptcy Rule 9024 and Fed. R. Civ. P. 60(b). Consequently, the trustee's motion for summary judgment is denied.

## B. Inability Defense

The debtor stated in her response to the motion for summary judgment that she stopped making payments to the trustee because she was unable to make such payments after the IRS began to garnish her wages. As stated above, inability to comply with a court order is a valid defense to a § 727(a)(6)(A) action. However, since the Court has already determined that there is a genuine issue of material fact, there is no need to address whether the debtor also would defeat the trustee's motion for summary judgment based on her assertion that she is unable to make the monthly payments outlined in the Agreed Order.

## CONCLUSION

For the reasons stated above the trustee's motion for summary judgment is denied.

IT IS SO ORDERED.